

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH DAVID HOUSTON,  *Petitioner*,  vs.  NOEL WATERS, *et al.*  *Respondents*. | 3:12-cv-00597-RCJ-WGC  ORDER |

This habeas matter initiated by a Nevada state inmate comes before the Court for initial review.

Petitioner Keith David Houston addressed a letter to a judge of this Court asking the the judge to accept the letter as an application to waive the filing fee, to accept the letter as a petition for a writ of habeas corpus, and to appoint counsel. Petitioner contends that counsel should be appointed because of alleged impediments to petitioner's access to the courts because the prison law library uses a paging system to distribute legal materials.

The papers presented are subject to multiple substantial defects.

First, petitioner may not commence a civil action by sending a letter to a judge. Petitioner does not need personal physical access to the prison law library to send kites to obtain the required forms a the petition and pauper application as well as the required financial attachments for a properly-completed pauper application. Inmates at Lovelock Correctional Center ("Lovelock") regularly properly commence actions in this Court with the proper forms and attachments – using the paging system referenced by petitioner to obtain all required forms and materials.

1   Second, in line with the foregoing, petitioner must either pay the $5.00 filing fee or
2   submit a properly-completed application to proceed *in forma pauperis* on the required form
3   in order to properly commence an action in federal court.

4   Third, also in this same vein, petitioner must use the Court's habeas petition form as
5   required by Local Rule LSR 3-1.

6   Fourth, petitioner failed to name an appropriate respondent. Petitioner must name his
7   immediate physical custodian, *i.e.*, the warden of the institution in which he currently is
8   incarcerated, as a respondent. See generally *Rumsfeld v. Padilla*, 542 U.S. 426
9   (2004)(immediate custodian rule). The only officers referenced in petitioner's letter are
10  prosecutors, and these officers are not appropriate respondents for the type of habeas action
11  presented.

12  Due to these multiple substantial defects, the petition in this improperly-commenced
13  action will be dismissed without prejudice. As discussed further below, it does not appear that
14  a dismissal without prejudice would materially affect the analysis of either the timeliness of
15  a promptly-filed new petition or other issues therein.

16  The records of this Court and the state courts reflect that petitioner was convicted
17  nearly three decades ago, on February 14, 1983, pursuant to a guilty plea, of murder in the
18  first degree and sexual assault causing substantial bodily harm.[1] Petitioner did not have any
19  state proceedings pending challenging his conviction on April 24, 1996, when the one-year
20  federal limitation period began running following the adoption of the Antiterrorism and
21  Effective Death Penalty Act ("AEDPA"). After 219 days had elapsed, on or about November
22  20, 1996, petitioner filed a motion to withdraw his guilty plea in the state district court. The
23  state district court and state supreme court denied relief. The remittitur in the latter court's
24  No. 30059 would have issued under that court's rules on or about Monday, April 26, 1999,
25  following upon the March 30, 1999, order dismissing the appeal. Absent any other basis for

---

[1] While petitioner refers to his being charged with a capital offense, Houston was sentenced to two consecutive life sentences without the possibility of parole. The Clerk accordingly properly categorized the matter on the docket of this Court as a noncapital federal habeas proceeding.

1  tolling or delayed accrual, the federal limitation period would have expired after another 146
2  days had elapsed, on or about Monday September 20, 1999.[2]

3  Accordingly, a dismissal without prejudice would not materially affect the analysis of
4  either the timeliness of a promptly-filed new petition or other issues therein.  Absent other
5  tolling or delayed accrual, the federal limitation period expired over 13 years ago.[3]

6  Finally, the Court rejects petitioner's premise that he is being denied access to the
7  courts merely because a paging system is used at Lovelock to distribute legal materials.  This
8  Court has considered, and rejected, the notion that use of a paging system, in and of itself,
9  categorically denies an inmate constitutional access to the courts.  See, e.g., *Felix v.
10 McDaniel*, 2012 WL 666742, slip op. at *6-9 (D.Nev., Feb. 29, 2012).  Review of state and
11 federal records reflects that petitioner has filed, and continues to file, multiple proceedings in
12 the state and federal courts.  Indeed, in the present letter, Houston presents 9 pages of legal
13 argument, complete with citation in the final three pages to multiple case authorities.  The
14 notion that the Lovelock paging system is preventing petitioner from accessing this or other
15 courts is wholly belied by the record in this and multiple other proceedings filed by petitioner
16 while incarcerated in an institution using a paging system for law library access.

17 Petitioner can, and must, properly commence an action by submitting a properly-
18 completed pauper application and petition on the required form in a new action.  The Court
19 will not appoint counsel or grant other relief on the rejected premise that petitioner is unable
20 to properly commence an action due to the paging system.  Petitioner must pursue any relief
21 sought in a new and properly-commenced action.  The present action is closed.

22 IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice
23 and all requests for relief asserted herein are denied without prejudice.

24 ////

---

26 [2] *See, e.g., Keith David Houston v. State*, No. 40652 (Nev., Nov. 14, 2003)(early writ history).

27 [3] The Court expresses no opinion as to whether – even if petitioner otherwise could establish the timeliness of a petition at this point – a federal petition challenging petitioner's conviction would constitute a
28 successive petition.

-3-

1    IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect , given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.

The Clerk of Court shall SEND petitioner along with this order two copies each of the inmate pauper and noncapital habeas petition forms, one copy of the instructions for each form, and one copy of the papers submitted in this action.

The Clerk further shall enter final judgment dismissing this action without prejudice.

DATED: November 21, 2012

ROBERT C. JONES
Chief United States District Judge